UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE ALAN WALKER,<br>　　　　Petitioner,<br>　v.<br>MARION SPEARMAN,<br>　　　　Respondent. | Case No. 5:16-cv-00294-PSG<br><br>**ORDER TO SHOW CAUSE** |

Bruce Alan Walker, a state prisoner proceeding with the assistance of counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Walker has paid the filing fee.[2]  The court orders Respondent Marion Spearman to show cause why the petition should not be granted based on Walker's cognizable claims.

**I.**

Walker was convicted in state court after a jury found him guilty on one count of gross vehicular manslaughter.[3]  A separate jury in a second proceeding also found Walker guilty on one count of murder.  He was sentenced to 15 years to life for the murder conviction, and sentencing on the manslaughter conviction was stayed under Cal. Penal Code § 654.[4]  The First Appellate

---

[1] *See* Docket No. 1-1 at 3.

[2] *See* Docket No. 1

[33] *See* Docket No. 1-1 1-2.

[4] *See id.* at 2.

1

Case No. 5:16-cv-00294-PSG
ORDER TO SHOW CAUSE

District affirmed his conviction, and the California Supreme Court denied review.[5] Walker states that he has exhausted his state remedies.[6]

## II.

This court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[7]

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."[8] Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.[9]

## III.

Walker claims that he received ineffective assistance of counsel because his trial counsel did not (1) perfect a motion to suppress evidence obtained from an illegal blood draw in violation of the Fourth Amendment, (2) object to prosecutorial misconduct during closing arguments or (3) present evidence of accidents and road repairs done at the accident scene.[10] Walker also claims that: he was denied his rights to due process and a fair trial when the court refused to inform the jury in the murder trial that Walker already had been convicted of manslaughter; he was denied his due process rights because the malice instruction was internally inconsistent and removed an

---

[5] *See id.* at 2.

[6] *See* Docket No. 8.

[7] 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[8] 28 U.S.C. § 2243.

[9] *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

[10] *See* Docket No. 1 at 4-5.

element from the jury's consideration; juror misconduct denied him of his right to an unbiased jury; there was insufficient evidence to sustain the murder conviction; and finally, the cumulative effect of all these errors deprived him of due process and a fair trial.[11]  When liberally construed, these claims are cognizable.  The court orders Spearman to show cause why the petition should not be granted as to these claims.

## IV.

The Clerk shall serve a copy of this order, the petition with all attachments and a magistrate judge jurisdiction consent form on Spearman and Spearman's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Walker.

Spearman shall file with the court and serve on Walker, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Spearman shall file with the answer and serve on Walker a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Walker wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Spearman within 30 days of the date the answer is filed.

Spearman may filed a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, within 60 days of the date this order is filed.  If Spearman files such a motion, Walker shall file with the court and serve on Spearman an opposition or statement of non-opposition within 28 days of the date the motion is filed, and Spearman shall file with the court and serve on Walker a reply within 14 days of the date any opposition is filed.

It is Walker's responsibility to prosecute this case.  Walker is reminded that all communications with the court must be served on Spearman by serving a true copy of the document to Spearman's counsel.  Walker must keep the court and all parties informed of any

---

[11] *See id.* at 4-6.

3
Case No. 5:16-cv-00294-PSG
ORDER TO SHOW CAUSE

change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: May 11, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge